(44 Misc. Rep. 524.)

### JOHNSON v. WOODEND.

(Supreme Court, Special Term, New York County. July, 1901.)

1. COURTS—JURISDICTION—BANKRUPTCY—SHERIFF'S ALLOWANCE.

A sheriff held a levy under an execution on property of a judgment debtor who was thereafter adjudged a bankrupt, and applied to the United States court for taxation of his poundage and charges. The court disallowed poundage, but allowed costs and charges for keepers. *Held,* that the sheriff could not move before the state court for an order for taxation of poundage, but his remedy, if aggrieved, was by appeal in the United States court.

Action by Harry C. Johnson against William Edwin Woodend. Motion by sheriff for an order to tax his poundage, and directing payment thereof by defendant's attorney. Denied.

James W. Gerard, for the motion.
B. Gerson Oppenheim, opposed.

GIEGERICH, J. The execution in this action was issued to the sheriff on the 29th day of April, 1904, and on the same day he levied upon certain property belonging to the defendant, which the sheriff claims was more than sufficient to satisfy the judgment, but this is denied by the plaintiff herein. On the same day, but apparently after the levy, the defendant was petitioned in bankruptcy by his creditors, and on the 14th day of May, 1904, was adjudicated a bankrupt. On the 2d day of May, 1904, the attorney for the plaintiff served a notice upon the sheriff withdrawing the execution. This, the plaintiff claims, was done at the special instance and request of one of the sheriff's deputies, but this is denied by the sheriff. The issues raised by these

several denials, under ordinary circumstances, would present very serious questions to be determined by the court, but in the view I take of this motion it will be unnecessary for me to determine any of them, as on the 2d day of May, 1904, and apparently before the withdrawal of the execution, the receiver in bankruptcy served an order on the sheriff requiring him to show cause why the possession of the property and goods levied on should not be turned over to him. In answer to this or some other motion in the bankruptcy court, the sheriff made an affidavit containing the following allegations:

"Deponent respectfully, therefore, shows that he has a lien upon the said property so attached by him and belonging to the alleged bankrupt herein of which he should not be divested, and that he should not be compelled to turn over the property of the bankrupt to the receiver in bankruptcy unless not only his costs for preserving the property incurred by him, but also his fees allowed to him by the laws and statutes of the state of New York, are paid; that deponent as such sheriff as aforesaid took into his possession through said deputy said property and put keepers in charge of the same; that deponent respectfully shows that it is the law of the state of New York, as declared by the court of the highest jurisdiction, which has passed upon the question in suit, to wit, the Appellate Division of the Supreme Court, that when a sheriff has once levied upon property he is not required to deliver up that property unto any person until his fees, as well as his costs for preserving the property, are paid to him; that that has been declared and laid down in the case of Wilkinson v. Raymond in 80 App. Div., at page 378 [81 N. Y. Supp. 82]."

—And upon this motion he admits that he did apply to the United States court to tax his poundage and charges, and that the court refused to allow the poundage, but did allow the costs and charges for keepers.

It thus appears that the question of poundage and fees was presented to the United States court, which granted the application in part and denied it in part. If the sheriff was aggrieved by such a decision, his remedy was to appeal from the decision and have any error that may have been committed corrected. The present motion is in effect an attempt to review that decision in this court, which would be contrary to the well-settled rules of practice prevailing where the jurisdiction of the United States and the state courts is concurrent. The motion should therefore be denied; no costs.

Motion denied; no costs.